**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Sheri Lynn BULACAN, Defendant–
Appellant.**

**No. 15–10311**

United States Court of Appeals,
Ninth Circuit.

Submitted July 29, 2016 *

FILED August 01, 2016

Mark Alexander Inciong, Esquire, Assistant U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee

Sheri Lynn Bulacan, Pro Se

Before: PREGERSON, LEAVY, and OWENS, Circuit Judges.

### MEMORANDUM **

Sheri Lynn Bulacan appeals pro se from the district court's order denying her motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291. We review de novo whether a district court has authority to reduce a sentence under section 3582(c)(2), *see United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009), and we affirm.

Bulacan contends that the district court erred in concluding that she is ineligible for a sentence reduction under Amendment 782 to the Guidelines. She argues that she is eligible for a reduction because, at her original sentencing, the district court did not adopt a specific drug quantity and reduced her sentence based on substantial assistance. We disagree. The record reflects that the court adopted the drug quantity calculated in the presentence report, which was based on Bula-

can's stipulations in her plea agreement.[1] Because Amendment 782 did not lower the base offense level associated with that drug quantity, the district court correctly concluded that Bulacan is ineligible for a sentence reduction, regardless of her substantial assistance. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B), (b)(2)(B); *Leniear*, 574 F.3d at 673–74.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Given that there is no dispute over the drug quantity that was used at sentencing, we also reject Bulacan's claim that she was entitled to appointed counsel and a hearing on that question in the district court.

